UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM C. MCLAUGHLIN and DEBORAH MCLAUGHLIN, Plaintiffs, v. DENISE DEMEDEIROS; JOAN B. CHABOT; JAY LAMBERT; PETER MELLO; BRETT N. PELLETIER; DAVID PERRY; JOSEPH SOUSA; MATTHEW WOJCIK; ANDREW M. TEITZ; GINA A. DICENSO; NEIL HALL; and GARETH EAMES, *each in their individual capacities and their official capacities as either current or former agents and/or employees of the Town of Tiverton;* TOWN OF TIVERTON; TIVERTON TOWN COUNCIL; and MANCINI DEMOLITION, INC., Defendants. | C.A. No. 16-648-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

William C. McLaughlin and Deborah McLaughlin (together, the "Plaintiffs") sue the Town of Tiverton (the "Town") and certain of its officials and employees (collectively, the "Town Defendants")[1] and Mancini Demolition, Inc. ("Mancini

---

[1] The Town Defendants are: (i) the Town; (ii) the Tiverton Town Council; (iii) Denise deMedeiros, individually and in her official capacity; (iv) Jay Lambert, individually and in his official capacity; (v) Peter Mello, individually and in his official capacity; (vi) Brett Pelletier, individually and in his official capacity; (vii) Joan B. Chabot, individually and in her official capacity; (viii) David Perry, individually and in his official capacity; (ix) Joseph Sousa, individually and in his official capacity; (x)

Demolition") alleging violations of due process, conversion, trespass, negligent training and supervision, estoppel, and abuse of process in relation to the removal of a garage located on the Plaintiffs' property. *See generally* ECF No. 1. The Town Defendants move for summary judgment. ECF No. 37. The Plaintiffs oppose the Town Defendants' Motion for Summary Judgment (ECF No. 40) and file their own Motion for Summary Judgment. ECF No. 44.[2]

For the reasons stated below, the Court DENIES the Plaintiffs' Motion for Summary Judgment (ECF No. 44) and GRANTS the Town Defendants' Motion for Summary Judgment. ECF No. 37.

I. **BACKGROUND & FACTS**

Seven counts remain from the Plaintiffs' Complaint—Counts I, II, III, VI, VII, IX, and X. ECF No. 1 at 12-19, ¶¶90-147.[3] The Court will briefly review the undisputed facts relevant to these motions.

The Plaintiffs are the joint owners of 1640 Fish Road in Tiverton, Rhode Island (the "Property"). ECF No. 45 at 1, ¶1. In 2008, after receiving building permits from the Town, the Plaintiffs began constructing a forty-foot by sixty-foot garage on the

---

Matthew Wojcik, individually and in his official capacity; (xi) Andrew M. Teiz, individually and in his official capacity; (xii) Gina A. DiCenso, individually and in her official capacity; (xiii) Neil Hall, individually and in his official capacity; and (xiv) Gareth Eames, individually and in his official capacity.

[2] The Town Defendants oppose the Plaintiffs' Motion for Summary Judgment. ECF No. 47. Mancini Demolition, however, did not file an opposition.

[3] Count IX of the Plaintiffs' Complaint is a claim of estoppel in which the Plaintiffs are seeking damages for investing "substantial amounts of money and labor into the construction of their garage, all of which has now been lost, and have otherwise been greatly damnified." ECF No. 1 at 18-19, ¶¶134-43. Neither Motion for Summary Judgment addresses this claim. *See* ECF Nos. 37 and 44.

Property. *Id.* at ¶¶2-3. After the construction was complete, the Plaintiffs received a certificate of occupancy. *Id.* at ¶4. In 2010, a zoning official of the Town issued the Plaintiffs a notice of violation for failing to comply with the Town's applicable setback requirements. ECF No. 38 at 1-2, ¶¶2, 4. This prompted the Plaintiffs to apply for a variance from the setback requirements with the Town Zoning Board of Review (the "Zoning Board"). ECF No. 45 at 2, ¶8. In seeking this variance, the Plaintiffs indicated that they mistakenly erected the garage within the setbacks of their property. *Id.* at ¶9.

On October 3, 2011, the Zoning Board denied the Plaintiffs' request for a variance. *Id.* at ¶10. Mr. McLaughlin appealed the Zoning Board's decision to the Rhode Island Superior Court (the "Superior Court"). *Id.* at ¶11. On October 4, 2013, the Superior Court upheld the Zoning Board's decision. *Id.* at ¶15. In upholding the Zoning Board's decision, the Superior Court found that "the only hardship [Mr.] McLaughlin faced was purely financial in nature . . . and that such self-created financial hardship was not a sufficient ground justifying a variance." ECF No. 38 at 2, ¶6 (citing *McLaughlin v. Tiverton Zoning Bd. of Review*, 186 A.3d 597, 601 (R.I. 2018)). Mr. McLaughlin subsequently filed a *pro se* appeal to the Supreme Court, which was dismissed on procedural grounds. ECF No. 45 at 2-3, ¶16.

Five months later, the Zoning Board filed a "Motion for Order to Comply" with the Superior Court, seeking an injunction that would require Mr. McLaughlin to either move or remove the garage. *Id.* at 3, ¶17. The Superior Court called a hearing for the Zoning Board's "Motion for Order to Comply" on April 7, 2014. *Id.* at ¶20.

Neither Mr. McLaughlin nor Mrs. McLaughlin attended this hearing. *Id.* The Motion was thus granted without objection on April 7, 2014. *Id.*

Six months later, the Town sought to have Mr. McLaughlin held in contempt for still not moving or removing the garage. *Id.* at ¶21. The Superior Court granted the Town's motion in August 2015 and found Mr. McLaughlin in contempt. *Id.*

Despite being found in contempt, the Plaintiffs still failed to remedy the situation as of October 2015, which prompted the Zoning Board to seek leave from the Superior Court to remove the Plaintiffs' garage. ECF No. 38 at 3, ¶11. On November 18, 2015, the Superior Court granted the Town's motion but gave Mr. McLaughlin ninety days (until February 7, 2016) to comply. *Id.* at 3, ¶12. If Mr. McLaughlin did not comply by the deadline, pursuant to the terms of the Superior Court order, the Town had permission "to enter Plaintiff's property, remove the offending structure therefrom, and charge the entire cost of removal to the Plaintiff, without any further action of the [Superior] Court." ECF No. 38, Exhibit 12 at 1, ¶3.

The Plaintiffs failed to comply by February 7, 2016 and then unsuccessfully moved for a temporary restraining order in federal court. ECF No. 45 at 3-4, ¶23; *see also* Text Order, Mar. 3, 2016 (C.A. No. 16-84); Text Order, March 7, 2016 (C.A. No. 16-84). The Town directed Mancini Demolition to remove the garage from the Property on March 28, 2016. *See* ECF No. 45 at 3-4, ¶¶23, 24. As part of the demolition, Mancini Demolition removed all "[d]emolition debris and waste oil." ECF No. 45, Exhibit O at 7.

On May 25, 2016, Mr. McLaughlin filed a motion to vacate the April 7, 2014 Order to Comply (the "Order to Comply") and all subsequent orders premised thereon. ECF No. 45 at 4, ¶25. The Superior Court denied this motion and Mr. McLaughlin appealed to the Rhode Island Supreme Court. *Id.* at ¶26.

On June 20, 2018, the Rhode Island Supreme Court issued a decision vacating the Order to Comply pursuant to Rule 60(b)(6) of the Superior Court Rules of Civil Procedure (for "any other reason justifying relief from the operation of the judgment"). *Id.* at ¶27 (citing *McLaughlin*, 186 A.3d at 607-08). The Supreme Court's reason for vacating the Order to Comply was that the Town of Tiverton did not bring a separate action under R.I.G.L. §45-24-62, which vests the Superior Court with the power to assist cities and towns in the enforcement of their zoning ordinances so long as there are "due proceedings" in the name of the city or town instituted by its city or town solicitor. *McLaughlin*, 186 A.3d at 609. The Rhode Island Supreme Court stated that the Zoning Board's "Motion for Order to Comply" was not a "due proceeding" as required by the plain language of the statute. *Id.* at 609 ("A motion to comply, filed by the zoning board, not the town, at the conclusion of a zoning appeal, simply does not pass muster.") Because the Town's solicitor never filed a separate complaint on behalf of the Town setting forth Mr. McLaughlin's alleged noncompliance with the Town's zoning ordinance, the Supreme Court found that "even though [Mr.] McLaughlin received notice and an opportunity to be heard, the [T]own's failure to comply with [R.I.G.L.] §45-24-62 in obtaining permanent injunctive relief on April 7, 2014, is fatal." *Id.* at 610. Upholding that order, according

5

to the Rhode Island Supreme Court, "would permit, not prevent, manifest injustice."
*Id.*

## II. STANDARD OF REVIEW

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Once done, Fed. R. Civ. P. 56(c) requires that summary judgment be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The parties have both filed motions for summary judgment, but "[t]he presence of cross-motions for summary judgment neither dilutes nor distorts this standard of review." *Mandel v. Boston Phoenix, Inc.*, 456 F.3d 198, 205 (1st Cir. 2006). In evaluating cross-motions, the court must determine whether either party is entitled to judgment as a matter of law based on the undisputed facts. *Scottsdale Ins. Co. v. Torres*, 561 F.3d 74, 77 (1st Cir. 2009).

## III. DISCUSSION

### A. JUDICIAL IMMUNITY

The Town Defendants claim they are entitled to quasi-judicial immunity because, in facilitating the demolition of the Plaintiffs' garage, they were acting pursuant to the order issued by the Superior Court on November 18, 2015. ECF No. 37-1 at 5-6.

Judicial immunity is a doctrine that protects judges from liability for judicial actions "[e]xcept where judges act completely without jurisdiction." *Slotnick v.*

6

*Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980). This doctrine extends beyond judges to protect officials from liability who are carrying out the orders of a judge. *Id.* Courts have held that officials, such as a court clerk or warden, who act "pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order." *Stow v. Horan*, 829 F. Supp. 504, 506 n.4 (D.N.H. 1993) (quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993)); *see also Faria v. Scott*, No. 16-cv-049-JD, 2016 U.S. Dist. LEXIS 77103, at *4 (D.N.H. May 23, 2016). Citing this doctrine, the Town Defendants assert that the order authorizing demolition of the Plaintiffs' garage, which was facially valid at the time of demolition, shields them from liability. ECF No. 37-1 at 5-6.

In response to this argument, the Plaintiffs contend that the Town Defendants cannot be entitled to quasi-judicial immunity as they were never performing a "judicial act." ECF No. 40 at 6. Quasi-judicial immunity, the Plaintiffs argue, has only been recognized when an actor has been made party to a lawsuit as a result of committing a "judicial act." *Id.* In this case, the Town Defendants sought assistance from the Superior Court to enforce its own municipal ordinances. *Id.* Granting immunity for such act, according to the Plaintiffs, would be an extension of this type of immunity beyond its intended scope. *Id.* The Plaintiffs argue that the Superior Court's order was not "facially valid" because the Town Defendants obtained it when they "knew, or should have known, of the statutory requirements demanding a separate action" for the violation of a town ordinance. *Id.* (citing *Zeilstra v. Barrington Zoning Bd. of Review*, 417 A.2d 303, 309 (R.I. 1980)).

7

The Court agrees with the Plaintiffs in finding that the doctrine of quasi-judicial immunity is inapplicable to the actions of the Town Defendants in this case. The Town Defendants were not actors in the judicial system, who were carrying out the official directives of a judge. *See Slotnick*, 632 F.2d at 166. Instead, acting in their role as town officials, they sought a judicial order for assistance in enforcing the Town's ordinances and, once obtained, chose to act on that order during the potential pendency of an appeal. They thus do not qualify for the same immunity enjoyed by judges, court clerks, or wardens. *See id.*

### B. INDIVIDUAL DEFENDANTS

In its Motion for Summary Judgment, the Town Defendants note that the Plaintiffs brought claims against Ms. deMedeiros, Ms. Chabot, Mr. Lambert, Mr. Mello, Mr. Pelletier, Mr. Perry, Mr. Sousa, Mr. Wojcik, Mr. Teitz, Ms. DiCenso, Mr. Hall, and Mr. Eames (collectively, the "Individual Defendants"), each in their individual capacity. ECF No. 37 at 6. Noting that none of the allegations advanced in the Plaintiffs' complaint concern actions taken by the Individual Defendants in their individual capacities but relate only to official actions allegedly taken in their service to the Town, the Town Defendants argue that these should be dismissed. *Id.* at 6-7.

Additionally, the Town Defendants argue that claims against the Individual Defendants in their official capacities should be dismissed because in Rhode Island, "a suit brought against a municipal official . . . is a suit against the municipality." *Id.* at 7 (citing *Town of Cumberland v. Vella-Wilkinson*, C.A. No. PC 10-2096, 2012 R.I.

8

Super. LEXIS 120, at *61 (Aug. 1, 2012)). As members of the Town Council, the Town Administrator, the Town Building Inspector, and the Town Solicitors, the Town Defendants note that the Individual Defendants are all municipal officials. ECF No. 37-1 at 7. The Town Defendants thus assert that the Plaintiffs' suit against the Individual Defendants is a suit against the Town, which is already a named defendant. *Id.*

The Court agrees that the record does not contain evidence supporting a cause of action against any of the Individual Defendants in their individual capacities and thus dismisses them in their individual capacities from the lawsuit. The Court also agrees that "a suit brought against a municipal official . . . is a suit against the municipality" and thus dismisses the Individual Defendants in their official capacities from the lawsuit. *See Town of Cumberland*, 2012 R.I. Super. LEXIS 120, at *61.[4]

### C. COUNT ONE: VIOLATION OF PROCEDURAL DUE PROCESS

In Count One, the Plaintiffs are seeking damages from the Town Defendants based on 42 U.S.C. § 1983 for deprivation of their right to procedural due process through the Fourteenth Amendment of the U.S. Constitution and Article I, Section 2 of the Rhode Island Constitution. ECF No. 1 at 12, ¶¶ 90-97.[5]

---

[4] The Plaintiffs did not challenge either of these arguments in their briefing (ECF Nos. 40, 44, and 48) or during oral argument.

[5] In their Complaint, the Plaintiffs also requested removal of the lien on the Property. During oral argument, the Plaintiffs noted that the lien had been removed following the Rhode Island Supreme Court's decision to vacate the Order to Comply.

9

The Plaintiffs contend that the Town Defendants obtained the Order to Comply in violation of the Plaintiffs' right to procedural due process and, in making this argument, cite the Rhode Island Supreme Court's decision vacating the Order to Comply. ECF No. 44-1 at 5-6 (citing *McLaughlin*, 186 A.3d at 609-10). According to the Plaintiffs, in vacating the Order to Comply, the Rhode Island Supreme Court found a violation of procedural due process set forth in a statute rather than simply notice and an opportunity to be heard. *Id.* And, because the Rhode Island Supreme Court came to a final decision on procedural due process in a suit involving the same parties, the Plaintiffs assert that the requirements for application of res judicata have been met and this Court should "apply the preclusive effects of the [Rhode Island] Supreme Court's decision against the Town." ECF No. 40 at 9.

In response, the Town Defendants argue that the Rhode Island Supreme Court determined only that the Town violated R.I.G.L. § 45-24-62 but did not find a violation of the Plaintiffs' due process rights. ECF No. 37-1 at 7-9. The Town Defendants contend that "[t]he essentials of procedural due process comprise notice of the charges and a reasonable chance to meet them." *Id.* (citing *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990)). And they assert that the Plaintiffs received both notice and the opportunity to be heard when the Superior Court held hearings on the Zoning Board's "Motion for Order to Comply," which the Plaintiffs received written notice of and had the opportunity to attend and be heard. *Id.* at 9. The Town Defendants note that the Rhode Island Supreme Court found this in its decision vacating the Order to Comply when it stated that "it is undisputed that McLaughlin was provided with notice and

10

afforded an opportunity to be heard". *Id.* (citing *McLaughlin*, 186 A.3d at 607). Additionally, the Rhode Island Supreme Court observed that, if the Town followed R.I.G.L. § 45-24-62 and filed a separate action in the Superior Court, "it may well have prevailed given the evidence in the record before us." *McLaughlin*, 186 A.3d at 610. Thus, according to the Town Defendants, despite the Town's violation of R.I.G.L. § 45-24-62, the Plaintiffs received the same notice and opportunity to be heard that they would have received had such violation not occurred. ECF No. 37-1 at 9.

To establish a procedural due process claim, a plaintiff must demonstrate "[1] 'a property interest as defined by state law' and [2] that the defendants deprived [it] of this property interest without constitutionally adequate process." *García-Rubiera v. Fortuño*, 665 F.3d 261, 270 (1st Cir. 2011) (citing *SFW Arecibo, Ltd. v. Rodríguez*, 415 F.3d 135, 139 (1st Cir. 2005)). "A sufficient procedural due process claim must allege 'that [the plaintiff] was deprived of constitutionally protected property because of defendants' actions, and that the deprivation occurred without due process of law.'" *Rumford Pharmacy, Inc. v. City of E. Providence*, 970 F.2d 996, 999 (1st Cir. 1992) (citing *Roy v. City of Augusta, Me.*, 712 F.2d 1517, 1522 (1st Cir.1983)). "Procedural due process guarantees an affected individual the right to some form of hearing, with notice and an opportunity to be heard, before he [or she] is divested of his [or her] protected interest." *Cotnoir v. Univ. of Maine Sys.*, 35 F.3d 6, 10 (1st Cir. 1994). "[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or

administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Rumford Pharmacy,* 970 F.2d at 999 (citing *Zinermon v. Burch,* 494 U.S. 113, 125–26 (1990)).

The Court agrees with the Town Defendants in finding that the Plaintiffs were afforded procedural due process. As the Rhode Island Supreme Court acknowledged in its decision on the zoning appeal, "it is undisputed that [Mr.] McLaughlin was provided with notice and afforded an opportunity to be heard" at the April 7, 2014 hearing and that Mr. McLaughlin admitted to receiving such notice. *McLaughlin,* 186 A.3d at 607. Although Mr. McLaughlin successfully argued that the circumstances of his case did not meet the statutory requirements of R.I.G.L. §45-24-62, that does not negate the fact that Mr. McLaughlin received the two essential facets that he is entitled to under procedural due process. *See Cotnoir,* 35 F.3d at 10.

The Plaintiffs also argue that, even if the Court were to find that Mr. McLaughlin was afforded adequate procedural due process, the Town failed to address the violation of Mrs. McLaughlin's procedural due process rights. ECF No. 40 at 9-10. According to the Plaintiffs, because Mrs. McLaughlin was not a party to the Zoning Board proceedings and subsequent court proceedings, she did not receive constitutionally adequate process prior to the demolition of her garage. *Id.*

In response, the Town Defendants argue that they did not violate Mrs. McLaughlin's due process rights because Mrs. McLaughlin waived those rights, which, as the United States Supreme Court "has explicitly recognized," is permissible. ECF No. 47-1 at 7 (citing *Whitfield v. Pub. Hous. Agency of City of Saint*

*Paul*, No. CIV.03-6096 PAM/RLE, 2004 WL 2801589, at *3 (D. Minn. Dec. 7, 2004)). The Town Defendants note that Mrs. McLaughlin was a signatory to the variance application submitted to the Zoning Board but then chose not to participate any further when she chose not to be named as a party in the appeal that Mr. McLaughlin sought before the Superior Court. *Id.* Mrs. McLaughlin, according to the Town Defendants, thus waived her due process rights and, as a signatory to the variance application and owner of the property along with her husband, made such waiver in an informed manner. *Id.*

The Court agrees with the Town Defendants in finding that Mrs. McLaughlin waived her procedural due process rights. While she had the opportunity to be involved in the proceedings along with her husband—as she did in the original application for a variance—she ultimately chose not to and made such decision with full knowledge of the actions her husband was pursuing. The Town Defendants cannot be held liable for her decision not to participate.

### D. COUNT TWO: CONVERSION

In Count Two, the Plaintiffs are seeking damages from the Town Defendants and Mancini Demolition for the conversion of their garage and the materials contained in their garage at the time of the removal. ECF No. 1 at 13, ¶¶98-104.

Challenging this claim, the Town Defendants argue that although the Plaintiffs were in possession of the garage at issue, they were not entitled to such possession, given that the garage was built "well short of the side yard setback required by the Tiverton Zoning Ordinance." ECF No. 37-1 at 10 (citing *McLaughlin*,

13

186 A.3d at 600). They argue that in a conversion claim, the focus of a court's examination is "whether [a] defendant has appropriated to his own use the chattel of another without the latter's permission and without legal right." *Id.* (citing *Terrien v. Joseph*, 53 A.2d 923, 925 (R.I. 1947)). Because the Plaintiffs do not allege that any of the Town Defendants used the garage or any of the items within it for their own personal use, according to the Town Defendants, the Plaintiffs' claim for conversion necessarily fails. *Id.* at 10-11.

In response, the Plaintiffs argue that they have set forth facts to support their claim for conversion. ECF No. 40 at 10-11. In particular, the Plaintiffs note that "[a]s part of the demolition, [Mancini Demolition] also removed materials used for construction of the garage." ECF No. 45 at 4, ¶24. The Town Defendants, according to the Plaintiffs, could have left all items and materials yielded from the demolition of the garage but chose to remove them. ECF No. 40 at 11. The Plaintiffs also note that the Town Defendants' argument that the conversion claim must fail because they did not use the garage or any of the items within it for their own use is misplaced as a claim for conversion may stand on a defendant's exercise of dominion over personal property in exclusion or defiance of the owner's rights. *Id.* at 10 (citing *Terrien v. Joseph*, 52 A.2d at 925).

In an action for conversion under Rhode Island law, "[a] plaintiff must establish that [he or she] was in possession of the personalty, or entitled to possession of the personalty, at the time of conversion." *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 97 (R.I. 2006) (citing *Montecalvo v. Mandarelli*, 682 A.2d 918, 928 (R.I.

14

1996)). In such action, the Court must focus its inquiry on "whether the defendant has appropriated to his own use the chattel of another without the latter's permission and without legal right." *Richer v. Parmelee*, 388 F. Supp. 3d 97, 108 (D.R.I. 2019) (citing *Terrien*, 53 A.2d at 925). There is a conversion if a defendant "exercises dominion over the chattel in exclusion or in defiance of the owner's rights." *Terrien*, 53 A.2d at 925. A claim for conversion, however, only applies to personal property, not to real property. *Montecalvo*, 682 A.2d at 928.

The Court agrees with the Town Defendants in finding that the Plaintiffs' claim for conversion must fail. The Town Defendants, acting through Mancini Demolition, removed the Plaintiffs' garage pursuant to the November 18, 2015 court order, which was facially valid at the time of demolition, and granted the Town Defendants the right to "enter Plaintiff's property, *remove the offending structure therefrom*, and charge the entire cost of removal to the Plaintiff, without any further action of the Court." ECF No. 38, Exhibit 12 at 1, ¶3 (emphasis added). In removing the garage, Mancini Demolition admitted that the only items it removed from the Property were "[d]emolition debris and waste oil." ECF No. 45, Exhibit O at 7. While Mancini Demolition could have left these items as the Plaintiffs contend, the court order granted the authority to remove them. *See* ECF No. 38, Exhibit 12 at 1, ¶3. Thus, because the Town Defendants, acting through Mancini Demolition, had legal right to remove the items taken from the Property, the Plaintiffs' conversion claim fails and summary judgment on this count must be granted in favor of the Town Defendants.

### E. COUNT THREE: TRESPASS

In Count Three, the Plaintiffs assert that neither the Town nor Mancini Demolition had permission to enter the Property to demolish their garage. ECF No. 1 at 14, ¶¶ 105-09.

In Rhode Island, a "trespasser is '[o]ne who intentionally and without consent or privilege enters another's property.'" *Bennett v. Napolitano*, 746 A.2d 138, 141 (R.I. 1995) (citing *Ferreira v. Strack*, 652 A.2d 965, 969 (R.I. 1995)). A trespasser is "one who enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in performance of any duties to the owner, but merely for his own purpose, pleasure or convenience." *Ferreira*, 652 A.2d at 969. The Plaintiffs maintain that the Town Defendants lacked any "right, lawful authority, express or implied invitation, permission, or license" to enter the Property. ECF No. 44-1 at 10.

The Town Defendants argue that the court order of November 18, 2015 authorized the Town to enter Plaintiff's property and remove the garage. ECF No. 47-1 at 9. When removing the garage from the Plaintiffs' property on March 28, 2016, the Town acted pursuant to that court order, which authorized it to "enter Plaintiff's property, remove the offending structure therefrom, and charge the entire cost of removal to the Plaintiff, without any further action of the Court" if Mr. McLaughlin failed to bring the garage into compliance by February 7, 2016. *Id.* When the Town facilitated the removal of the garage, they noted that there was nothing to suggest that the November 18, 2015 order was invalid on its face. *Id.*

16

The Court agrees with the Town Defendants in finding that their entrance on the Plaintiffs' property was lawfully valid, pursuant to the court order, when the Town Defendants entered the Plaintiffs' premises and thus not a trespass. Summary judgment on this count is thus granted in favor of the Town Defendants.

### F. COUNT SIX AND SEVEN: NEGLIGENT TRAINING AND SUPERVISION

In Counts Six and Seven of their Complaint, the Plaintiffs claim that the Town failed to properly train and supervise Mr. Teitz as Town Solicitor and in turn Mr. Teitz failed to properly train and supervise Ms. DiCenso in enforcing ordinances of the Town. ECF No. 1 at 16-18, ¶¶ 122-33. Under Rhode Island law, liability for negligent failure to train and supervise is premised on an employer failing to provide training and/or supervision that a reasonably prudent employer in the same field would have similarly offered its personnel. *See Welsh Mfg., Div. of Textron, Inc. v. Pinkerton's, Inc.*, 474 A.2d 436, 440 (R.I. 1984).

The Town Defendants argue that the Plaintiffs lack any evidence to establish these claims. ECF No. 37-1 at 11-12.[6] The Court agrees. Nothing in the record suggests that the Town failed to provide the training and supervision that a reasonably prudent employer in the same field would have similarly offered to Mr. Teitz as the Town's Solicitor or that Mr. Teitz, in turn, failed to provide such training and supervision to Ms. DiCenso. Thus, because the Plaintiffs have not proffered any

---

[6] The Plaintiffs seem to have conceded this point as they did not challenge the Town Defendants' arguments in their briefing (ECF Nos. 40, 44, and 48) or during oral argument.

evidence to establish their negligent training and supervision claims, summary judgment in favor of the Town Defendants is appropriate.

### G. COUNT TEN: ABUSE OF PROCESS

In Count Ten of their Complaint, the Plaintiffs allege a claim against the Town Defendants for abuse of process. ECF No. 1 at 19-20, ¶¶ 144-47. To establish such a claim under Rhode Island law, a plaintiff must show "(1) that the defendant instituted proceedings or process against the plaintiff and (2) that the defendant used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish." *Fiorenzano v. Lima*, 982 A.2d 585, 590 (R.I. 2009) (citing *Palazzo v. Alves*, 944 A.2d 144, 154 (R.I. 2008)). In their Complaint, the Plaintiffs allege that the Town Defendants improperly filed motions on the Plaintiffs' closed zoning appeal "with the intent to avoid required court proceedings and deprive Plaintiffs of their property without trial." ECF No. 1 at 19, ¶ 145. Relying on the Rhode Island Supreme Court's decision in *McLaughlin v. Tiverton Zoning Board* (186 A.3d at 610), the Plaintiffs argue that in filing its "Motion for Order to Comply," the Town avoided procedural safeguards that the Plaintiffs would have been entitled to and deprived the Plaintiffs of the opportunity for trial where they would be entitled to a "balancing [of] the equities, weighing the hardships to either side, and examining the practicality of imposing the desired relief." ECF No. 44-1 at 13 (citing *City of E. Providence v. R.I. Hosp. Tr. Nat. Bank*, 505 A.2d 1143, 1145 (R.I. 1986)).

In response, the Town Defendants argue that their actions did not constitute an abuse of process because they neither achieved a collateral purpose nor advanced

an ulterior motive. ECF No. 37-1 at 12-14. According to the Town Defendants, the Plaintiffs have not provided evidence suggesting that the Zoning Board's counsel intended to avoid required court proceedings. *Id.*

The Court agrees with the Town Defendants in finding that the evidence does not support the Plaintiffs' claim that the Town had an ulterior motive, or achieved any collateral advantage, in advancing its "Motion for Order to Comply." The purpose of this motion was to compel Mr. McLaughlin to comply with the Zoning Board's decision denying his variance application. Nothing in the evidence supports the characterization of that motive as "ulterior" or a "wrongful purpose". Summary judgment in favor of the Town Defendants must therefore be granted. *See Fiorenzano*, 982 A.2d at 590-91.

## IV. CONCLUSION

For the reasons stated, the Court DENIES the Plaintiffs' Motion for Summary Judgment (ECF No. 44) and GRANTS the Town Defendants' Motion for Summary Judgment. ECF No. 37.

IT IS SO ORDERED

_____
John J. McConnell, Jr.
Chief United States District Judge

March 27, 2020

19